UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE A. THRALL,

    Plaintiff,

v.                                      CASE No. 8:06-CV-1138-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security fails to evaluate (or even mention) a significant psychiatric assessment, the decision will be reversed and the matter remanded for further consideration.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

I.

The plaintiff, who was thirty-one years old at the time of the administrative hearing and who has a high school education, has worked as a cashier, nurse's assistant, waitress and fast-food worker (Tr. 345, 383, 389, 410, 422). She filed claims for Social Security disability benefits and supplemental security income, alleging that she became disabled due to bipolar disorder, obesity, asthma and back problems (Tr. 416). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of lumbar disc disease and bipolar disorder (Tr. 21, ¶3). The law judge concluded that these impairments limited the plaintiff to performing a wide range of light work involving simple, unskilled tasks (Tr. 20). He further found that the plaintiff is limited to frequent, as opposed to constant, contact with co-workers and supervisors (<u>id</u>.). Based upon the testimony of a vocational expert, the law judge determined that these impairments did not preclude the plaintiff from performing her prior work as a waitress, cashier, and fast-food worker (Tr. 21). Accordingly, the law judge

ruled that the plaintiff is not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's sole challenge to the law judge's determination concerns her mental impairment (Doc. 27, pp. 6-9).  The law judge concluded

that the plaintiff suffers from a bipolar disorder which limits her to performing unskilled work with "frequent, rather than continuous, contact with coworkers and supervisors" (Tr. 20). The plaintiff argues that the law judge's determination of her residual functional capacity fails to consider the diagnosis of an examining psychiatrist, Dr. Suman Bhat (Doc. 27, pp. 6-9). This contention has merit and warrants reversal.

The plaintiff was first examined by Dr. Bhat on June 20, 2005 (Tr. 297-300).[3] Dr. Bhat assigned to the plaintiff a current Global Assessment Functioning ("GAF") of 45-50, with a past year's GAF of 55-60 (Tr. 300).

The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders (4th ed.), p. 32. A GAF of 45-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Id. A GAF of 55-60 indicates moderate symptoms in those areas. Id.

---

[3]The plaintiff characterized Dr. Bhat as a treating physician (Doc. 27, p. 6). However, as the Commissioner points out (Doc. 30, p. 6), the pertinent opinion from Dr. Bhat was formed after her first evaluation of the plaintiff (Tr. 297-300). Therefore, she would not have qualified at that time as a treating physician. See Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1160 (11th Cir. 2004) (one-time examiner is not a treating physician).

Dr. Bhat's diagnosis and treatment of the plaintiff appear to have been overlooked by the law judge. Thus, Dr. Bhat is not even mentioned in the law judge's summary of the evidence (see Tr. 16-17). More significantly, the decision contains no evaluation of Dr. Bhat's assignment of a GAF of 45-50.

The law judge was required to state the weight accorded this item of impairment evidence and the reasons for the decision on that evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Accordingly, as was stated in McTaggart v. Apfel, Case No. 98-2476-CIV-T-26(B), "the failure to address the significant evidence of the GAF ratings would, standing alone, be sufficient to warrant a remand" (Doc. 15, p. 9; Report and Recommendation adopted by Doc. 16 ). The same conclusion was expressed in Conroy v. Apfel, Case No. 98-1498-CIV-T-17(B), and DeLaFuente v. Apfel, Case No. 98-1021-CIV-T-24(B). The need for a remand is supported further by McCloud v. Barnhart, 2006 WL 177576 at *7 (11th Cir. 2006) (unpub. dec.), in which the court of appeals stated that a law judge's mischaracterization of a GAF score was not harmless error, and that a failure to consider another GAF score should be remedied on remand.

The Commissioner in his memorandum attempts to excuse the law judge's failure to discuss the GAF rating by arguing that Dr. Bhat's diagnosis is appropriately discounted (Doc. 30). In this regard, the Commissioner argues, among other things, that Dr. Bhat's assessment was "devoid of objective medical findings" and it did not " impose any mental restrictions or indicate that Plaintiff's condition ... was disabling" (id. at p. 6). However, the arguments set forth by the Commissioner's lawyers for discounting Dr. Bhat's GAF assessment cannot support the administrative decision because post-hoc rationalizations by litigating counsel for an agency do not provide the proper basis for judicial review. Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mutual Automobile Ins. Co., 463 U.S. 29, 50 (1983). This principle is especially apt in this circumstance, where there is no indication that the law judge even considered Dr. Bhat's assessment, since it was not mentioned in his decision.

The Commissioner also seems to try to dismiss the GAF evidence, saying that a predecessor had "specifically declined to endorse the GAF scale for use in the disability programs, and ha[d] stated that the GAF scale 'does not have a direct correlation to the severity requirements in our mental disorders listings'" (Doc. 30, p. 7). Revised Medical Criteria for

Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746, 50764-65 (2000), 2000 WL 1173632 (F.R.).  The GAF evidence in this case, however, is not to be used in connection with the listings of mental disorders (which is step three of the Commissioner's sequential analysis), but in connection with the determination of the plaintiff's residual functional capacity (which is employed with respect to steps four and five of the sequential analysis).  There is no indication in the commentary to the revised criteria that the Commissioner was rejecting the use of the GAF scale on that issue.  Decisions such as McCloud v. Barnhart, supra, show that a GAF score is relevant evidence in cases like this.  Indeed, the law judge used higher GAF scores to discount testimony of the plaintiff and her husband (Tr. 19).  Obviously, he thought that GAF scores constituted relevant evidence.

       The Commissioner argues further that any failure to consider Dr. Bhat's diagnosis is harmless because the plaintiff "failed to show how a GAF score would translate into specific limitations on her ability to work" (Doc. 30, p. 7).  However, if the law judge accepted a GAF score of 45-50, or even 55-60, that conclusion could easily have changed the law judge's credibility determination and, concomitantly, the plaintiff's mental residual functional capacity.

Thus, the law judge acknowledged in his decision that the testimony of the plaintiff and her husband regarding the plaintiff's emotional state is reflective of more serious functional impairments, but he did not find their testimony totally credible in part because the plaintiff's previous GAF scores of 65 to 70 indicated only mild symptoms or some difficulty in social functioning (Tr. 19).[4] However, as the Commissioner concedes, "a GAF score of 45-50 indicates serious symptoms or serious impairment in social, occupational or school functioning" (Doc. 30, p. 8). Therefore, if the law judge accepted Dr. Bhat's assessment, he may have credited fully the plaintiff's testimony that she has angry outbursts, severe depressive episodes and an inability to get along with others (Tr. 19). This, in turn, would have affected the plaintiff's residual functional capacity and would have presented a different question concerning whether she could perform her past relevant work (see Tr. 90). Therefore, the failure to evaluate Dr. Bhat's assessment was not harmless error. See McCloud v. Barnhart, supra. Of course, on

---

[4]In this connection, the plaintiff testified that she has trouble interacting with co-workers and supervisors, that she suffers from mood swings and anger, and that she has depressive episodes three to four times a week where she just wants to stay home in bed (see Tr. 66-71). Her husband testified that the plaintiff has frequent emotional outbursts and rage that interfere with her ability to work (Tr. 84-85).

remand, the Commissioner may discount Dr. Bhat's assessment, provided he states a reasonable basis for doing so.[5]

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close the case.

DONE and ORDERED at Tampa, Florida, this <u>9th</u> day of November, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[5] In light of a need for a remand, it is appropriate to note another problem with the decision. The law judge concluded that the plaintiff had a moderate limitation in concentration. However, he neither converted that into a functional limitation as part of the residual functional capacity in his hypothetical question to the vocational expert (Tr. 89-90), nor explained why a moderate limitation in concentration does not impose a functional limitation. Notably, when a claimant has a moderate limitation in concentration, law judges will ordinarily restrict a claimant to simple, <u>routine</u>, <u>repetitive</u> work. Here, the only pertinent limitation was to simple, unskilled work (Tr. 20). I question whether a person with a moderate impairment in concentration could successfully work as a cashier, waitress, or even a fast-food worker. Because this issue was not raised by the plaintiff, it would not provide a basis for a remand. Nevertheless, on remand this matter should be addressed so that any further unfavorable decision does not contain reversible error on this point.